**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
EMANUEL BROWN,                                                        Case No.

                 Plaintiff,

                                              **COMPLAINT**

   -against-

                                              **Jury Trial Demanded**

LUCKY NEPHEW CONSTRUCTION
SERVICES CORPORATION and
ALONZO WILLIAMS,

                 Defendants.
-----------------------------------------------------------X

      Plaintiff Emanuel Brown ("Brown" or "Plaintiff") alleges against Defendants Lucky Nephew Construction Services Corporation ("Lucky Nephew") and Alonzo Williams ("Williams") (collectively, "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Brown was employed by the Defendants as a security guard / fireguard from approximately March 14, 2019 to December 30, 2020. Despite working in excess of forty hours per week, Brown was not paid overtime. Further, Brown was not paid spread of hours for shifts worked in excess of ten per day.

2. In addition, Brown was not provided with a wage notice upon his hire or annually; and was not provided with accurate wage statements with each payment received.

3. As such, Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") that he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours pay,

1

(3) statutory penalties for wage notice and wage statement violations, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district and because Defendants' business is located in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff Emanuel Brown ("Brown" or "Plaintiff") was and is a resident of Queens County, New York.

9. Defendant Lucky Nephew Construction Services Corporation ("Lucky Nephew") was and is a domestic business corporation organized under the laws of the State of New York.

10. Lucky Nephew was and is a domestic business corporation authorized to conduct business in the State of New York.

11. Lucky Nephew was and is located at 141-36 C 142nd Street, Jamaica NY 11436.

12. Lucky Nephew was and is located at 10M Dennison Drive, East Windsor NJ 08520.

13. Lucky Nephew performed services at 22-43 Jackson Avenue, Long Island City NY 11101.

14. Lucky Nephew was and is a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

15. Defendant Alonzo Williams ("Williams"), upon information and belief, was and is a resident of the State of New Jersey.

16. At all times relevant to this action, Williams was and is an Owner of Lucky Nephew.

17. Williams exercised control over the employment terms and conditions of the Plaintiff. Williams had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff. At all times, Plaintiff could complain to Williams directly regarding any of the terms of his employment, and Williams would have the authority to effect any changes to the quality and terms of the Plaintiff's employment. Williams exercised functional control over the business and financial operation of Lucky Nephew.

18. The acts of Lucky Nephew alleged in this Complaint were authorized, directed or accomplished by Williams individually, by himself or his agents, officers, employees or representatives, while actively engaged in the management Lucky Nephew's business.

19. At all relevant times, Lucky Nephew was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

**STATEMENT OF FACTS**

20. From approximately March 14, 2019 to December 30, 2020, Brown was employed by the Defendants.

21. Brown was employed by the Defendants as a fireguard / security guard.

22. Brown worked for the Defendants at 22-43 Jackson Avenue, Long Island City NY 11101.

23. The Defendants failed to provide Brown with a wage notice upon his hire.

24. The Defendants failed to provide Brown with a wage notice annually.

25. The Defendants failed to provide Brown with accurate wage statements with each payment received.

26. For the first two weeks of Brown's employment (March 14, 2019 to March 29, 2019), Brown worked every day, 12 hours straight, from 7pm to 7am, for a total of 84 total hours per week.

27. From approximately March 29, 2019 to May 13, 2019, Brown worked from 7pm to 7am Monday to Friday – 12 hours per day, 5 days per week, for a total of 60 hours per week.

28. From approximately May 13, 2019 to May 15, 2020, Brown worked from 5pm to 7am Monday to Friday – 14 hours per day, 5 days per week, for a total of 70 hours per week.

29. From approximately May 15, 2020 to July 4, 2020, Brown worked from 8pm to 7am four days per week and from 8pm to 8am one day per week, for a total of 56 hours per week.

30. From approximately July 4, 2020 to December 30, 2020, Brown worked from 7am to 1pm on Sunday, 5pm to 7am Monday and Tuesday, and 8pm to 7am Wednesday, Thursday and Friday, for a total of 67 hours per week.

31. During his employment, Brown was paid $15.00 per hour for 40 hours of work via direct deposit or check.

32. Despite working in excess of forty hours per week, Brown was not paid overtime.

33. Rather, for the hours worked in excess of forty each week, Defendants paid Brown straight-time (at $15.00), not at the required time-and-a-half overtime rate.

34. For the hours worked in excess of forty each week, Defendants paid Brown by cash or

4

via the Zelle app.

35. Despite working in excess of forty hours, the Defendants failed to pay Brown for all overtime owed.

36. Despite working shifts in excess of ten hours per day, the Defendants failed to pay Brown spread of hours compensation.

37. Defendants knowingly and willfully operated their business with a policy of not paying overtime to the Plaintiff.

38. Defendants knowingly and willfully operated the business with a policy of not paying spread of hours pay to Plaintiff.

39. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to the Plaintiff, at the time of hire and annually thereafter, in violation of the NYLL.

40. Defendants knowingly and willfully operated their business with a policy of not providing accurate wage statements to the Plaintiff, in violation of the NYLL.

**FIRST CAUSE OF ACTION**
**(FLSA – Unpaid Overtime)**

41. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

42. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Defendants' failure to pay overtime caused Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants his unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### (NYLL – Unpaid Overtime)

45. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

46. Defendants willfully violated the Plaintiff's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

47. Defendants' failure to pay overtime premium compensation caused the Plaintiff to suffer loss of wages and interest thereon. The Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### THIRD CAUSE OF ACTION
### (NYLL – Unpaid Spread of Hours)

48. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

49. Defendants willfully violated Plaintiff's rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the

Plaintiff worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650 *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. &Regs. Tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

50. Defendants' failure to pay spread of hours compensation caused Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants unpaid spread of hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL § 663(1) *et seq*.

## FOURTH CAUSE OF ACTION
**(NYLL – Failure to Provide Wage Notice)**

51. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52. Defendants have willfully failed to supply the Plaintiff with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hiring or annually, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

53. Due to the Defendants' violation, the Plaintiff is entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

7

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

54. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55. Defendants have willfully failed to provide the Plaintiff with accurate wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employer; address and phone number of employer' rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary or other; gross wages; deductions; and net wages.

56. Due to the Defendants' violation, the Plaintiff is entitled to recover from Defendants two hundred fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of compensatory damages as a result of Defendants' failure to pay overtime

compensation pursuant to the FLSA, NYLL and supporting regulations;

d. An aware of compensatory damages as a result of Defendants' failure to pay spread of hours pay pursuant to the NYLL and supporting regulations;

e. An award of liquidated damages as a result of Defendants' failure to pay overtime and spread of hours pay, pursuant to the FLSA, NYLL and supporting regulations;

f. An award of statutory damages, up to a maximum of five thousand dollars for Defendants' failure to provide a wage notice, pursuant to the NYLL;

g. An award of statutory damages, up to a maximum of five thousand dollars for Defendants' failure to provide accurate wage statements, pursuant to the NYLL;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

j. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiff demands a trial by jury.

Dated: February 16, 2021
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiff*